# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00705-CV

**Appellant, Ashlie Koenig// Cross-Appellant, Brian Blaylock**

**v.**

**Appellee, Brian Blaylock// Cross-Appellee, Ashlie Koenig**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 14-1177-C277, HONORABLE MICKEY RAY PENNINGTON, JUDGE PRESIDING**

## O P I N I O N

Ashlie Koenig appeals the trial court's final order denying her petition to partition real property (the Residence) that was previously awarded pursuant to an agreed divorce decree to Brian Blaylock in exchange for his payment of a sum certain to Koenig, after Koenig reduced to judgment that sum certain via a motion to enforce. Koenig contends that, notwithstanding the divorce decree and enforcement order, she is a cotenant entitled to partition the Residence. On cross appeal, Blaylock complains that the trial court abused its discretion in denying his Rule 91a motion to dismiss Koenig's suit and awarding her attorney's fees incurred in responding to the motion. *See* Tex. R. Civ. P. 91a. We will reverse the trial court's final judgment, render judgment granting Blaylock's Rule 91a motion to dismiss, and remand this cause for a determination of attorney's fees to be awarded to Blaylock as the prevailing party on his Rule 91a motion.

## BACKGROUND[1]

Before Koenig and Blaylock were married, they acquired the Residence together via general warranty deed, with Blaylock contributing $100,000 as a down payment and Koenig contributing no down payment. Blaylock lived as a single man in the Residence from the time of purchase until about the time the parties were married—half a year after acquiring the Residence—at which time Koenig moved into the Residence and after which time she contributed some amount of equity. The parties separated about a year and a half later with Koenig moving out of the Residence and Blaylock continuing to live there. Four months later, the parties entered into a mediated settlement agreement, which was incorporated into the family court's final divorce decree. Included among the decree's provisions were the following:

Residence

IT IS ORDERED that the residence and all improvements location thereon . . . shall be awarded to Brian Blaylock on the following terms and conditions:

1.  Ashlie Blaylock shall execute a marital deed transferring her ownership interest in the property to Brian Blaylock upon payment of the $61,500.00 to be paid by Brian Blaylock to Ashlie Blaylock and upon Brian Blaylock's endorsement and payment of $22,500.00 from the sale of the Cadillac Escalade to Ashlie Blaylock.

2.  Brian Blaylock shall execute a Deed of Trust to Secure Assumption in favor of Ashlie Blaylock.

---

[1] The factual background is drawn from the trial court's unchallenged findings of fact, entered after the court held an evidentiary hearing on Koenig's petition, as well as Koenig's pleadings and attachments thereto. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (holding that when findings of fact are filed and are unchallenged, they occupy same position and are entitled to same weight as verdict of jury and are binding unless there is no evidence to support them or contrary is established as matter of law).

3.  Brian Blaylock shall refinance the property in his name within 60 days following the entry of the Final Decree of Divorce and shall upon the 60th day from the entry of the decree of divorce pay to Ashlie Blaylock the sum of $61,500.00.

4.  On the date of the rendition of the Final Decree of Divorce, Brian Blaylock shall endorse and turn over to Ashlie Blaylock, through her attorney, the check which is the net proceeds from the sale of the Cadillac Escalade in the amount of $22,500.00.

Some time after the final divorce decree was entered, Koenig filed a motion in the family court to enforce the property division outlined in the decree, asking the court to order a sale of the Residence or to enter a money judgment in the amount owed to her by Blaylock for the Residence and alleging that he was in default of the decree by failing to refinance the Residence and pay her the $61,500 within 60 days of the decree's entry. The family court refused to order the sale of the Residence but entered an enforcement order granting Koenig a money judgment against Blaylock in the amount of $61,500, plus pre- and post-judgment interest and attorney's fees.

Unable to collect on her judgment, Koenig filed the present partition suit against Blaylock, seeking an order from the district court to sell the Residence and distribute to the parties the net proceeds in accordance with their alleged undivided, equal ownership interests. Blaylock filed a joint original answer, motion to dismiss under Texas Rule of Civil Procedure 91a, and request for disclosure.[2]

---

[2] Simultaneously, Blaylock filed a motion to recuse all sitting judges in Williamson County from any further proceedings in the case asserting that, because Koenig serves as the Budget Officer for Williamson County, "her position over the budget matters of the Courts can reasonably question the impartiality of . . . any . . . sitting judge in Williamson County." The court granted his motion and assigned the cause to a visiting judge from another county.

The court was unable to schedule a hearing on Blaylock's Rule 91a motion to dismiss until more than 45 days after he filed it. After the hearing, the trial court denied the motion on the procedural ground that the court had not ruled on the motion with 45 days of its filing and awarded attorney's fees to Koenig as the prevailing party.[3] Tex. R. Civ. P. 91a.3(c) ("A motion to dismiss must be . . . granted or denied within 45 days after the motion is filed."), 91a.7 ("[T]he court must award the prevailing party on the [Rule 91a] motion all costs and reasonable and necessary attorney's fees incurred with respect to the challenged cause of action in the trial court."). The cause proceeded to an evidentiary hearing on the merits, after which the trial court denied Koenig's partition suit without specifying the grounds for its decision. Upon Koenig's request, the trial court issued Findings of Fact and Conclusions of Law.

In three issues, Koenig contends that the trial court abused its discretion in denying her partition suit by concluding that (a) she had no possessory rights to the Residence, foreclosing the remedy of partition; and (b) her suit was barred by res judicata due to the prior divorce decree and enforcement order. In three issues on cross appeal, Blaylock contends that the trial court erred in denying his Rule 91a motion to dismiss, awarding Koenig attorney's fees in responding to the motion, and failing to award him attorney's fees incurred in filing the motion. We will first address Blaylock's issues on cross appeal and then, if necessary, consider Koenig's issues.

---

[3] The trial court's order denying Blaylock's motion did not specify the reason for denial, but its later-issued Findings of Fact and Conclusions of Law recited that "The Court denied Defendant's Motion to Dismiss because the hearing was held outside of the 45-day timeframe specified by Rule 91a.3(c), although it was the first date made available to the parties after filing the motion."

**DISCUSSION**

*Rule 91a motion to dismiss*

In his first two issues on cross appeal, Blaylock contends that the trial court erred in denying his Rule 91a motion to dismiss and in awarding Koenig attorney's fees as the prevailing party.[4] *See* Tex. R. Civ. P. 91a.1 ("A party may move to dismiss a cause of action on the grounds that it has no basis in law . . . if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."). We will review the trial court's ruling on the motion de novo. *See Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 183 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.); *see also Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (noting that Rule 91a motions are analogous to pleas to jurisdiction, which require court to determine whether pleader has alleged facts demonstrating jurisdiction).

The trial court denied Blaylock's motion solely because the court did not rule on the motion until more than 45 days after it was filed. *See* Tex. R. Civ. P. 91a.3(c). While it is true that Rule 91a.3 provides that a motion to dismiss "must be . . . granted or denied within 45 days after the motion is filed," the Rule does not provide any consequences if a court takes no action on the motion within the prescribed period. *See id.*; *see also* Tex. Gov't Code § 22.004(g) ("The rules shall provide

---

[4] Blaylock was not entitled to seek interlocutory review of the denial of his Rule 91a motion because no statute permits interlocutory appeals from orders on such motions. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) (noting that party may not appeal interlocutory order unless authorized by statute); *cf.* Tex. Civ. Prac. & Rem. Code § 51.014 (listing types of orders from which interlocutory appeal is available).

5

that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion to dismiss."). Blaylock contends that it was error for the trial court to deny his motion on this non-substantive, procedural ground because under the applicable statute and rule the time period during which a court must rule on a motion is "directory" rather than "mandatory."[5] *See Chisolm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956) ("If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction."); *Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ) ("When determining whether a statutory time limit is mandatory or directory, a court must consider the statute in its entirety, its nature and object, and the consequences that would follow from each construction.").

We agree with Blaylock that the 45-day period during which a court "shall" deny or grant a Rule 91a motion to dismiss is merely directory rather than mandatory. In the absence of any "words restraining" action by the trial court beyond the time limit and the outlining of any consequences for failure to act therein, *see Chisolm*, 287 S.W.2d at 945, it is more reasonable to conclude that the time limit in this relatively new rule is not a hard deadline that prohibits the court from considering the substance of the motion to dismiss after the expiration of the 45-day time period but, rather, a provision included in the rule to promote the orderly and prompt dismissal

---

[5] Koenig contends that Blaylock waived the right to complain about the trial court's ruling "by requesting that the hearing be set on a date 58 days after the motion was filed." However, because the record indicates that he made the trial court aware of his complaint about denial of his motion on procedural grounds both before the court made a ruling and then, again, in a Motion to Modify filed after the court issued its Findings of Fact and Conclusions of Law, Blaylock did not waive this complaint. *See* Tex. R. App. P. 33.1(a).

of baseless causes of action. It is in the interest of justice and the orderly conduct of the courts for baseless lawsuits to be dismissed sooner rather than later, but it is better for them to be dismissed later rather than not at all. The mandatory reading embraced by the trial court and Koenig would frustrate the legislative intent that a defendant be made whole through an award of its attorney's fees and costs incurred in successfully dismissing a baseless lawsuit.

Furthermore, Koenig has not identified how a plaintiff in her position would be prejudiced by a court's ruling on a motion to dismiss after the 45-day period, nor can we imagine any such prejudice. In fact, a plaintiff would have more time to formulate a response to a dismissal argument, more time to amend a petition to add facts or adjust legal theories, and more time to consider whether to non-suit her case. *Cf.* Tex. R. Civ. P. 91a.5 (providing that court may not rule on motion if at least 3 days before hearing respondent files nonsuit of challenged cause of action or movant files withdrawal of motion, and that if respondent amends challenged cause of action at least 3 days before hearing, movant may file withdrawal of motion or amended motion); *Thuesen v. Amerisure Ins. Co.*, __ S.W.3d __, No. 14-14-00666-CV, 2016 WL 514404, at *7 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (holding that movant seeking attorney's fees and costs is not "prevailing party" within meaning of rule if claimant timely files nonsuit and prevents ruling on motion). Conversely, a defendant would be prejudiced if a trial court were unable to consider his motion to dismiss after the 45-day period, for instance by needlessly responding to discovery before a summary-judgment motion could be heard. We conclude that the trial court erred in denying Blaylock's motion on the procedural basis of its ruling being outside the 45-day period outlined in the rule and that it should have considered the substance of the motion. We now turn to a de novo review of the merits of Blaylock's Rule 91a motion.

7

In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Wooley*, 447 S.W.3d at 76. We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Id.* In considering a Rule 91a motion, a court "may not consider evidence" and "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. Koenig attached an exhibit to her petition containing a copy of the general warranty deed that, she contends, granted to her a cotenancy in the Residence and entitles her to partition. In her response to Blaylock's Rule 91a motion to dismiss, Koenig attached additional exhibits in the form of: (1) a copy of the parties' final divorce decree and (2) a copy of the family court's enforcement order.[6] We may, therefore, consider the divorce decree and enforcement order in our de novo review of the Rule 91a motion. *See id.*; *see also id.* R. 59 ("Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such . . . and shall be deemed a part thereof for all purposes."); *Wooley*, 447 S.W.3d at 74 ("The trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59.").

---

[6] She also attached a copy of the family court's enforcement order nunc pro tunc, which contained substantively the same information as the enforcement order but clarified that Koenig was awarded judgments against Blaylock in the amount of $61,500 plus pre- and post-judgment interest and $16,832.50 plus interest for attorney's fees. For convenience, we will henceforth refer to the family court's "enforcement order nunc pro tunc" as simply its "enforcement order."

8

The Family Code permits a party to reduce a divorce decree's property award to judgment. *See* Tex. Fam. Code § 9.010(b) ("If a party did not receive payments of money as awarded in the decree of divorce or annulment, the court may render judgment against the defaulting party for the amount of unpaid payments to which the party is entitled."); *DeGroot v. DeGroot*, 369 S.W.3d 918, 923 (Tex. App.—Dallas 2012, no pet.) (holding that trial court properly reduced property award in decree to money judgment pursuant to section 9.010); *de la Garza v. de la Garza*, 185 S.W.3d 924, 930 (Tex. App.—Dallas 2006, no pet.) ("A money judgment is a remedy available to a spouse where the other spouse does not make payments as ordered in the divorce decree."). The decree here ordered Blaylock to pay Koenig $61,500; he defaulted on that payment; Koenig filed a motion to enforce; and the family court rendered an enforcement order and judgment against Blaylock for that very amount. *See* Tex. Fam. Code §§ 9.006(a) ("[T]he court may render further orders to enforce the division of property made or approved in the decree . . . to assist in the implementation of or to clarify the prior order."), .007(a) ("An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property."). When Koenig petitioned the family court to enforce the divorce decree and obtained a judgment for the $61,500 that she was awarded in the decree in exchange for the award of the Residence to Blaylock, she was made whole by receiving the very award to which she was entitled.[7] Under these circumstances, the enforcement order served to effectuate the property division in the decree, and Koenig may not now contend that she still has

---

[7] If Koenig believed that the trial court erred in denying her partition request and instead granting the money judgment, or that the court improperly modified the decree, she could have appealed its enforcement order. However, neither she nor Blaylock appealed the enforcement order.

rights to the Residence awarded to Blaylock. On this record, we sustain Blaylock's first two issues on cross appeal[8] and hold that the trial court erred in denying Blaylock's Rule 91a motion to dismiss because Koenig's partition suit had no basis in law. *See* Tex. R. Civ. P. 91a.1; *Savell v. Savell*, 837 S.W.2d 836, 840 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("In a suit to partition land, a party must show joint ownership in the land and a present possessory interest.").

### *Denial of Koenig's partition suit*

As already discussed with respect to Blaylock's cross issues, Koenig was not entitled to partition because she has no enforceable property interest in the Residence, and the trial court erred in denying Blaylock's motion to dismiss. Accordingly, had the trial court properly granted Blaylock's motion, it would have been required to award him attorney's fees and costs associated with filing the motion, and the cause would not have proceeded further to a hearing on the merits. *See* Tex. R. Civ. P. 91a.7; *see also* Tex. R. App. P. 43.2(c) (providing that appellate court may "reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered"). Therefore, we need not reach Koenig's issues on appeal.

**CONCLUSION**

We reverse the trial court's final judgment, render judgment granting Blaylock's Rule 91a motion to dismiss and entitlement to attorney's fees and costs incurred in filing the motion,

---

[8] We need not reach Blaylock's third issue, in which he contends that the trial court erred in awarding Koenig attorney's fees in responding to the Rule 91a motion because she did not produce documentation of her attorney's time records in response to his requests for disclosure.

and remand this cause for a determination of the amount of attorney's fees and costs to be awarded to Blaylock.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Rendered in part; Remanded in part

Filed:   July 1, 2016