# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00259-CV

**James Boone, Appellant**

**v.**

**David Gutierrez, Chairman,**
**Texas Board of Pardons and Paroles, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. D-1-GN-15-005894, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James Boone, an inmate in the Texas Department of Criminal Justice who is appearing pro se, appeals a Rule 91a dismissal of claims he had asserted against the Chairman of the Texas Board of Pardons and Paroles.[1]  We will affirm the judgment of dismissal.

According to Boone's petition and exhibits thereto, he is currently serving a 75-year sentence on a murder conviction and has completed 23 of those years.  The thrust of his allegations is that the Board, citing the violent nature of Boone's offense and criminal history,[2] has on several occasions refused to grant him parole, or has postponed otherwise-scheduled parole reviews, rather than taking account of various positive achievements he has attained behind bars.  The Board's

---

[1]  *See* Tex. R. Civ. P. 91a.

[2]  Boone also acknowledges that he was not reviewed for parole in 2011 due to a "major disciplinary infraction," although he maintains that this is his only "major infraction" to date.

actions, in Boone's view, violate his constitutional due-process rights and entitle him to injunctive relief.

Boone's suit was met with a Rule 91a dismissal motion urging that Boone lacked any protected interest in parole that could serve as a predicate for a due-process claim. Following a hearing at which Boone appeared and argued by telephone, the district court granted the motion and rendered judgment dismissing Boone's suit. This appeal followed.

Boone brings four issues on appeal, none of which demonstrate reversible error.[3] In his first issue, Boone complains that "the trial court erred . . . in failing to reach the merits of [his] complaint pursuant to Rule 91a.1," which we interpret as disputing whether grounds existed for dismissal under that rule. Rule 91a authorizes dismissal of a cause of action "on the grounds that it has no basis in law or fact."[4] We review the trial court's ruling on a Rule 91a motion de novo.[5] The district court did not err in granting the motion because Boone's claims lacked a basis in law. "In Texas, parole 'is the discretionary and conditional release of an eligible inmate,'"[6] and

---

[3] Although Boone has acted pro se both below and on appeal, we are bound to apply the same substantive and procedural standards to him as we do with litigants represented by counsel, lest we afford him an unfair advantage merely because he is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

[4] Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought," whereas "[a] cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

[5] *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam); *Koenig v. Blaylock*, 497 S.W.3d 595, 598 (Tex. App.—Austin 2016, pet. denied).

[6] *Vargas v. Texas Dep't of Criminal Justice*, No. 03-12-00119-CV, 2012 Tex. App. LEXIS 9916, at *11 (Tex. App.—Austin Nov. 30, 2012, pet. denied) (mem. op.) (quoting Tex. Gov't Code § 508.001(6)).

2

"[w]hether an inmate will actually obtain parole is entirely speculative."[7] Therefore, "Texas law does not create a liberty interest in being released on parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectation of release on parole."[8] Because Boone has no protected liberty interest in parole, the Board's actions in regard to granting him parole could not violate his due process rights.[9]

Boone's remaining issues are also without merit. His second issue, in which he seeks reversal based on the district court's failure to rule within the 45-day period prescribed by Rule 91a.3(c),[10] is foreclosed by this Court's recent holding that this deadline "is merely directory rather than mandatory" and does not singularly require denial of a motion.[11] Similarly, in Boone's third

---

[7] *Id.* (citing *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)).

[8] *Id.* at *11–12 (citing *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (concluding that delay in consideration for parole cannot support constitutional claim)); *see Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("It is . . . axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." (citations omitted)).

[9] Nor has Boone demonstrated any different outcome under the due-course-of-law provision of the Texas Constitution. *See, e.g.*, *University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (concluding that the Texas "due course" and federal "due process" clauses are "without meaningful distinction" and therefore the Texas Supreme Court "consider[s] federal interpretations of procedural due process to be persuasive authority in applying our due course of law guarantee"); *Fleming v. State*, 376 S.W.3d 854, 858 (Tex. App.—Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014) ("[I]t would make little sense to treat substantive due process claims any differently than procedural due process claims. We therefore will address [appellant's] arguments regarding due course of law or due process under federal law, regardless of whether his claims are substantive or procedural in nature." (citations omitted)).

[10] *See* Tex. R. Civ. P. 91a.3(c) ("A motion to dismiss must be: . . . (c) granted or denied within 45 days after the motion is filed.").

[11] *See Koenig*, 497 S.W.3d at 599.

issue, he urges in substance that he was entitled to take a default judgment before the district court ruled on the Rule 91a motion,[12] but any such complaint is ultimately moot or harmless because it remains that dismissal was proper under Rule 91a. In his fourth and final issue, Boone complains of error in failing to provide him a hearing on a new-trial motion he claims to have filed,[13] but he does not demonstrate that his motion presented any question of fact that necessitated a hearing[14]—nor could he, as Rule 91a motions are decided as a matter of law.[15]

        We affirm the judgment.


_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:  July 19, 2017

---

[12] Gutierrez did not file an answer, only a Rule 91a motion, and Boone filed a notice of intent to take a default judgment. He urges on appeal that the district court erred in "fail[ing] to consider [R]ule 99(c) prior to dismissing [his] cause of action."

[13] No such motion appears in the appellate record, although Boone's brief attaches a notice from the district court setting a hearing on his new-trial motion. Boone represents that the district court subsequently canceled the hearing on grounds that its plenary power had run, which Boone disputes.

[14] *See Soto v. General Foam & Plastics Corp.*, 458 S.W.3d 78, 85 (Tex. App.—El Paso 2014, no pet.) ("Generally, a hearing on a motion for new trial is not mandatory. . . . A trial court is only required to conduct a hearing on a motion for new trial when the motion presents a question of fact upon which evidence must be heard." (citing *Olsen v. Commission for Lawyer Discipline*, 347 S.W.3d 876, 887 (Tex. App.—Dallas 2011, pet. denied); *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.))).

[15] *See Sanchez*, 494 S.W.3d at 724 ("We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review.").

4