# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00241-CV[1]

**Freddie Lee Walker, Appellant**

**v.**

**David Gutierrez, Chairman, Texas Board of Pardons and Paroles, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-15-005106, HONORABLE RHONDA HURLEY, JUDGE PRESIDING


## M E M O R A N D U M   O P I N I O N


Freddie Lee Walker, an inmate in the Texas Department of Criminal Justice's Institutional Division, filed a petition for writ of mandamus against respondent David Gutierrez, Chairman of the Texas Board of Pardons and Paroles (TBPP), seeking to compel the TBPP to "immediately conduct a parole review" of his case and to "provide clear and concise reasons for the approval or denial of parole," alleging various statutory and constitutional violations by the TBPP.

---

[1] The notice of appeal in this case was originally filed in this Court on May 13, 2016. The Supreme Court of Texas ordered the case transferred to the Eighth Court of Appeals, pursuant to its docket-equalization authority. *See* Tex. Gov't Code § 73.001; Misc. Docket No. 16-9040. This Court transferred the case to our sister court on June 27, 2016. On April 12, 2018, the Supreme Court of Texas ordered this case—along with 38 other cases that had also been previously transferred to the Eighth Court but had not reached final disposition—transferred back to this Court. *See* Misc. Docket No. 18-9054. The Eighth Court of Appeals transferred the case back to this Court on April 16, 2018.

Gutierrez filed a plea to the jurisdiction. The district court granted the plea, and Walker appeals. We affirm the district court's order granting Gutierrez's plea to the jurisdiction.

## DISCUSSION[2]

Walker brings four issues on appeal, none of which demonstrate reversible error.[3] In his first through third related issues, Walker contends that the district court erred in (a) granting Gutierrez's plea to the jurisdiction because Gutierrez had not first filed a timely answer to his petition, (b) dismissing his petition "with prejudice," and (c) failing to grant him a no-answer default judgment.[4] We review a court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings affirmatively demonstrate an incurable jurisdictional defect, then the plea to the jurisdiction must be granted with prejudice. *See id.* at 227–28.

---

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[3] Although Walker has acted pro se both below and on appeal, we are bound to apply the same substantive and procedural standards to him as we do with litigants represented by counsel, lest we afford him an unfair advantage merely because he is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

[4] Within the same issues, Walker additionally asserts that the trial court violated various judicial canons in its conduct of the hearing on Gutierrez's motion, such as "failing to maintain professional competence in the law" and "failing to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *See* Texas Code of Jud. Conduct, Canons 2(A) & 3(B), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. B. However, we cannot identify any alleged harm or errors attributable to the alleged violations that are not duplicative of the errors that Walker identifies as constituting abuses of discretion or errors of law. Accordingly, we consider his judicial-canon complaints as subsumed within his other complaints.

In his plea to the jurisdiction, Gutierrez correctly asserted that the district court "lacks mandamus jurisdiction over Walker's petition" because a district court's mandamus jurisdiction is limited to the enforcement of its own jurisdiction and does not extend to the exercise of supervisory control over state prison officials. *See Sims v. Smith*, No. 03-12-00242-CV, 2014 WL 2094200, at *1 (Tex. App.—Austin May 14, 2014, no pet.) (mem. op.) ("A district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials." (quoting *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied))); *Bonfanti v. Texas Dep't of Criminal Justice Institutional Div.*, No. 03-12-00350-CV, 2013 WL 4487526, at *1 (Tex. App.—Austin Aug. 16, 2013, pet. denied) (mem. op.) (holding that district court lacked mandamus jurisdiction over inmate's petition seeking to compel prison officials to release him on parole); *see also* Tex. Const. art. V, § 8 ("District Court judges shall have the power to issue writs necessary to enforce their jurisdiction."); Tex. Gov't Code § 24.011 (authorizing district court judges to grant writs of mandamus "necessary to the enforcement of the court's jurisdiction"); *cf.* Tex. Gov't Code § 22.002(c) ("Only the supreme court has the authority to issue a writ of mandamus . . . against any of the officers of the executive departments of the government of this state . . . ."). This is an incurable jurisdictional defect, and we accordingly conclude that the district court properly granted the plea and dismissed Walker's petition with prejudice.

With respect to Walker's specific complaints about his alleged entitlement to take a no-answer default judgment because Gutierrez allegedly did not file a "timely" answer, we conclude that any such complaint is ultimately moot or harmless because it nonetheless remains that dismissal

3

of Walker's petition was proper for lack of jurisdiction. *See Boone v. Gutierrez*, No. 03-16-00259-CV, 2017 WL 3122798, at *2 (Tex. App.—Austin July 19, 2017, no pet.) (mem. op.).

In his fourth and final issue, Walker asserts that the district court abused its discretion in failing to timely rule on Gutierrez's previously filed Rule 91a motion.[5] *See* Tex. R. Civ. P. 91a.3 (providing that motion to dismiss must be "granted or denied within 45 days" after it is filed). However, not only has Walker failed to identify how he was harmed by the district court's failure to rule on the motion within 45 days, we are also informed by this Court's previous holding that the 45-day period is discretionary rather than mandatory. *See Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied). Accordingly, we overrule Walker's fourth issue.

## CONCLUSION

We affirm the district court's order granting Gutierrez's plea to the jurisdiction and dismissing Walker's petition with prejudice.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   June 21, 2018

_____

[5] Gutierrez filed a Rule 91a motion on February 18, 2016 and his "Original Answer, Jury Demand, and Plea to the Jurisdiction" on March 30, 2016.

4