# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00760-CV

**Laszlo Herczeg, Appellant**

**v.**

**5005 SSR, LLC, Appellee**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-002982, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, Laszlo Herczeg, acting pro se,[1] appeals from the trial court's denial of his motion to dismiss brought under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–011.[2] For the following reasons, we affirm.

---

[1] Herczeg is also representing himself in the underlying proceeding. We hold Herczeg to the same legal standards as parties represented by counsel. *See Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *5 & n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.) ("[P]ro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties." (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978))).

[2] Because this suit was filed in May 2019, the 2019 amendments to the TCPA do not apply. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687 (stating that amendments to TCPA apply "only to an action filed on or after" September 1, 2019). References in this opinion to the TCPA are to its provisions as they existed prior to the 2019 amendments.

## Background

The underlying dispute concerns a 1954 recorded easement (the easement) that is "for road purposes only for ever and ever" with "the right to work and improve the said road over which this easement is given." After disputes arose between the parties concerning 5005 SSR, LLC's ("5005") right to use the easement, 5005 filed suit against Herczeg under the Uniform Declaratory Judgments Act (UDJA) seeking a declaration of its rights under the easement or, in the alternative, a prescriptive easement. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a) (authorizing person to obtain declaration of rights under instrument such as deed); *Cooke v. Morrison*, 404 S.W.3d 100, 110 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (explaining that "prescriptive easement may arise from a property owner's knowing acquiescence (whether actual or constructive) in a claimant's adverse use of the property under a claim of right continuously for ten years or more" (citing *Scott v. Cannon*, 959 S.W.2d 712, 721 (Tex. App.—Austin 1998, pet. denied))).

In its petition, 5005 alleged that the easement abuts and extends across Herczeg's property; that 5005 owns property adjacent to Herczeg's property that it purchased in 2014; and that the easement was in the chain of title for 5005's property. 5005 further alleged that Herczeg had interfered with 5005's rights in direct contravention of "the recorded easement and usage over the years" by impeding access to 5005's property, including "periodically plac[ing] locks and gates to restrict access to the roadway." 5005 alleged that it desired to develop its property and had surveyors, engineers, and other professionals coming out to the property and that "Herczeg has expressed his opinion that those persons have no right to access the land" and "threatened them so that they have not felt safe in coming to the property." Based on these allegations, 5005 sought a declaratory judgment that recognized the easement's existence and

2

allowed 5005 "the unrestricted right to maintain[] and utilize the easement for all uses for which [5005] may utilize its property in accordance with any restrictions or City of Austin requirement." 5005 attached a copy of the easement to its petition and the 2014 deed showing 5005's title to its property.

Herczeg responded by filing "Defendant's Plea to the Jurisdiction, Motion to Dismiss, and Original Answer." Herczeg's motion to dismiss was brought pursuant to the TCPA, but he also raised Rule 91a of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 91a (providing procedure for dismissal of baseless causes of action). Citing Rule 91a, Herczeg asserted that 5005 had pleaded "a baseless claim" that his "actions 'have prevented [5005] from developing its property.'" As support for his TCPA motion to dismiss, Herczeg cited a pre-suit letter by 5005's counsel to him, characterizing it as "explicitly call[ing] out [his] exercise of protected activities in connection with [5005]'s development as the precipitating cause for filing this suit," and he referenced his right to free speech and to petition concerning his communications with local government officials at the City of Austin about 5005's development plans for its property.

5005 filed a response to Herczeg's motion to dismiss and an affidavit by Douglas Gibbins, who was one of 5005's founding members. In its response, 5005 explained that the basis for its suit was Herczeg's "actions which have prevented [5005] from accessing [its] property without interference, threatening action, or providing access to the gate and lock on the property." 5005 further explained that any complaints about its proposed development could be "addressed through the proper procedures set forth by the City of Austin Code." In his affidavit, Gibbins referenced the easement's language that it is for "road purposes only for ever and ever, and they shall have the right to work and improve the said road over which this easement is

3

given." He also averred that 5005, its contractors, and its agents had been denied access or had their access impeded; that "pedestrian and automobile access has been denied since ownership in 2014 by a locked gate and keys that do not work"; and that Herczeg had told 5005's hired surveyors and engineers that they were trespassing and that they must leave immediately.

Herczeg filed a response that included a sworn statement. In the statement, Herczeg swore that he had owned his property since 2000 and that he installed the gate in 2001 because the "property fronts on a busy roadway, and the interior is an extremely steep canyon." He also provided a description of the gate and his agreement about the easement with a prior owner of 5005's property: "[T]he placement of the gate is about 40 feet inset into the interior of the Herczeg property from the property line so as to afford access for delivery vehicles and to the adjacent 2.37 acre property" that 5005 currently owns. According to Herczeg, he and the prior owner agreed that "the easement area is the Herczeg[] driveway and is not to be blocked, even partially"; the "purpose of the easement is for ingress and egress only and does not include the parking of vehicles"; and "[t]he north end of the easement area will be secured by a locked gate, with keys shared between the Herczegs and the easement holder." Herczeg also provided details about submitted development plans by the prior owner and 5005 to the City of Austin and Herczeg's communications with City staff, Gibbins, and 5005's counsel about the proposed development plans and 5005's use of the easement to access its property.

The trial court held a hearing on Herczeg's TCPA motion to dismiss. Although it subsequently signed an order denying Herczeg's Rule 91a motion to dismiss, it did not sign an order denying Herczeg's TCPA motion.[3] Thus, for purposes of this appeal, we consider the

---

[3] In the trial court's docket notes and a letter to the parties following the hearing, the trial court confirmed that it denied Herczeg's TCPA motion to dismiss from the bench. Herczeg,

4

motion to have been denied by operation of law.  *See* Tex. Civ. Prac. & Rem. Code §§ 27.005(a) (setting 30-day deadline for trial court to rule on TCPA motion following date of hearing on motion), .008(a) (explaining that motion is considered to have been denied by operation of law if trial court does not rule on TCPA motion in time prescribed by Section 27.005 and that moving party may appeal); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 892 (Tex. 2018) ("If the trial court does not rule on a motion to dismiss within a prescribed time, the motion is considered denied by operation of law and the moving party may appeal.").

## Analysis

Herczeg asserts two appellate issues.  In his first issue, Herczeg argues that the trial court erred by not granting his TCPA motion to dismiss because he established that "the underlying lawsuit relates to his communication on matters of public concern to [5005] and agents/assigns, land use officials, and others in opposition to [5005's] development plans" and that his "communications with [C]ity staff and his petitioning of the City factually predicated the lawsuit."  He further argues that 5005 did not meet its burden "to show that its claim had merit" and that he established affirmative defenses.  In his second issue, Herczeg argues that the trial court erred by "fracturing" his TCPA motion to dismiss into two motions—one based on the TCPA and the other one based on Rule 91a.

### TCPA Procedure and Standard of Review

Herczeg asserts that the TCPA applies to 5005's suit based on his exercise of the right to free speech or to petition.  The TCPA defines "exercise of the right of free speech" to

---

however, has not provided a reporter's record from the hearing, and the record does not contain a written order of the trial court's ruling on the TCPA motion.

5

mean "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3); *see id.* § 27.001(1) (defining "communication"), (7) (defining "matter of public concern"). And it defines "exercise of the right to petition" to include "a communication in connection with an issue under consideration or review by . . . [a] governmental body" or "any other communication that falls within the [constitutional] protection of the right to petition government." *Id.* § 27.001(4)(B), (E).

Relevant to this appeal, under the TCPA's first step, the party filing a motion to dismiss bears the burden to show by a preponderance of the evidence that the nonmovant's "legal action is based on, relates to, or in response to a party's exercise of the right of free speech [or] right to petition." *Id.* §§ 27.003(a), .005(b); *see Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131–32 (Tex. 2019) (describing TCPA's "three-step decisional process"); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898–99 (Tex. 2017) (per curiam) (same). "[T]he unique language of the TCPA directs courts to decide its applicability based on a holistic review of the pleadings." *Adams*, 547 S.W.3d at 897; *see* Tex. Civ. Prac. & Rem. Code § 27.006(a) (requiring court to consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based"). And courts determine the basis of a legal action by the allegations in the pleadings. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (observing that "basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations").

We review de novo whether the movant met its burden to show the TCPA's applicability. *See Adams*, 547 S.W.3d at 897 (deciding whether TCPA applied under de novo standard of review); *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.) ("We review de novo whether each party carried its

6

assigned burden."). Under this standard, we view the pleadings, affidavits, and other evidence in the light most favorable to the nonmovant, and we "do not blindly accept attempts by the [movant] to characterize [the nonmovant]'s claims as implicating protected expression." *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd). The movant's activities "that are not a factual predicate" for the nonmovant's claims "are simply not pertinent to the inquiry." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 27.003).

**Did Herczeg meet his burden to show that the TCPA applies?**

As support for his position that the TCPA applies, Herczeg characterizes 5005's suit as concerning "communications relating to a perennial land development project within the City of Austin" and his "'voiced opposition' regarding 5005's utilization and development activities," and he describes his "petitioning" actions and communications with local government officials concerning the proposed development of 5005's property.[4] In his sworn statement, Herczeg stated that he "believed the lawsuit was intended to stifle, inhibit, or prospectively discourage his civic participation in matters of public concern in regard to the development of the neighbor's property, and not to advance a genuine cause of action."

---

[4] To the extent that Herczeg relies on evidence or facts outside of the record, we do not consider either in our analysis. *See* Tex. R. App. P. 34.1 (describing contents of appellate record), 38.1(i) (requiring appellant's brief to contain appropriate citations to authorities and record); *Wetmore v. Bresnen*, No. 03-18-00467-CV, 2019 Tex. App. LEXIS 10923, at *15–16 n.4 (Tex. App.—Austin Dec. 18, 2019, no pet.) (mem. op.) (stating that court did not consider evidence that party referenced in briefing because it was not in appellate record). In this interlocutory appeal, we further limit our analysis to Herczeg's arguments that concern his issues challenging the denial of his TCPA motion to dismiss. *See* Tex. R. App. P. 38.1(f) (setting out requirements concerning issues presented), 47.1 (requiring appellate court to hand down opinion that is "as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing interlocutory appeal from denial of motion to dismiss filed under TCPA). For example, we do not address his arguments in his reply brief that his due process rights were harmed because 5005 denied him "any opportunity to confer prior to filing suit."

7

5005's suit, however, is not factually predicated on Herczeg's communications with local government officials about development plans for 5005's property. 5005 seeks declaratory relief predicated on the recorded easement, or alternatively based on a prescriptive easement, and Herczeg's communications with and petitioning to local government officials concerning development of 5005's property "simply are not pertinent to the inquiry."[5] *See id.* Thus, we conclude that Herczeg has failed to establish that 5005's suit is based on, related to, or in response to Herczeg's exercise of his right of free speech or to petition. *Id.*; *see Creative Oil & Gas*, 591 S.W.3d at 136–37 (concluding that movant failed to show based on exercise of right of free speech that TCPA applied to private contract dispute involving only pecuniary interests of private parties involved); *Park v. Suk Baldwin Props., LLC*, No. 03-18-00025-CV, 2018 Tex. App. LEXIS 8209, at *8–10 (Tex. App.—Austin Oct. 10, 2018, no pet.) (mem. op.) (concluding that TCPA did not apply to tortious interference and breach of contract claims that were "based on alleged conduct" that was outside lawsuit's context when motion to dismiss was based on right to petition "by filing this lawsuit").

**Did the trial court err by "fracturing" Herczeg's TCPA motion?**

In his second issue, Herczeg argues that the trial court erred by splitting his TCPA motion to dismiss into two parts—one based on the TCPA and the other based on Rule 91a— thereby "weaken[ing] the TCPA motion." *See* Tex. R. Civ. P. 91a (providing procedure for dismissal of baseless causes of action). In "Defendant's Plea to the Jurisdiction, Motion to

---

[5] In his briefing, Herczeg acknowledges that 5005's pleadings "did not directly complain of Herczeg's interested party status with the City" but argues that there is a "rational inference" that the lawsuit is based on his petitioning and communications to City officials about 5005's "two consecutive site plans." But the factual allegations in the petition concern the existence and scope of an easement and not the local governmental process for approving proposed development.

Dismiss, and Original Answer," Herczeg included a paragraph that cited Rule 91a and asserted that 5005 had pleaded "a baseless cause of action" that Herczeg's "actions 'have prevented [5005] from developing its property.'" In a subsequent filing with the trial court, Herczeg explained to the trial court that his citing to Rule 91a was "adduced as a supporting ground" and "not formed as a separate motion."

To the extent that Herczeg is challenging the trial court's order denying his Rule 91a motion, that order is not subject to interlocutory appeal. *See Koenig v. Blaylock*, 497 S.W.3d 595, 598 n.4 (Tex. App.—Austin 2016, pet. denied) (noting that no statute permits interlocutory appeal from order denying Rule 91a motion); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 n.1 (Tex. App.—Austin 2014, no pet.) ("This Court generally does not have jurisdiction over an appeal from an interlocutory order denying a Rule 91a motion."). Further, even if the trial court erred by concluding that Herczeg had filed a separate Rule 91a motion, Herczeg has not shown any harm. *See* Tex. R. App. P. 44.1 (stating standard for reversible error). Herczeg's argument that he made when referencing Rule 91a—that 5005 pleaded a baseless claim—does not impact the analysis of whether the TCPA applies to 5005's suit. Because we have concluded that Herczeg failed to show that the TCPA applied, we do not reach whether 5005 met its burden to establish a prima facie case for each essential element of its claims. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b); *Creative Oil & Gas*, 591 S.W.3d at 131–32 (describing TCPA's "three-step decisional process"); *Coleman*, 512 S.W.3d at 898–99 (same).

## Conclusion

For these reasons, we overrule Herczeg's appellate issues and affirm the trial court's denial of his TCPA motion to dismiss.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed:   August 31, 2021

10