# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00400-CV

---

**Robert Litoff, Appellant**

**v.**

**David Case, Trustee, Appellee**

---

### FROM THE PROBATE COURT NO. 2 OF TRAVIS COUNTY
### NO. C-1-PB-24-000672, THE HONORABLE NICHOLAS CHU, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Robert Litoff appeals the trial court's dismissal of his suit against David Case under Texas Rule of Civil Procedure 91a. David serves as the trustee of a trust for which Robert is the primary beneficiary, and Robert sued to modify the terms of the trust and demand an accounting from David.[1] Because Robert's claims have a basis in law and fact, we reverse.

## BACKGROUND

In 1967, in New Haven, Connecticut, Louis and Rose Litoff executed an irrevocable trust agreement that established four trusts named for each of their four children, including Robert. Each Litoff child's trust held an equal quarter share of the assets controlled by the trust agreement

---

[1] Because multiple individuals involved in this suit share the same last name, we refer to the parties by their first names for clarity.

and identified that child as the primary beneficiary of his or her separate trust. The trust agreement states that:

> Upon the death of the last surviving primary beneficiary, the trustees shall distribute the then principal of each trust to the respective then living descendants of each primary beneficiary in equal shares per stirpes, or, if none, to the then living descendants of the settlors, in equal shares per stirpes, or, if none, to the then living descendants (not including the settlors) of the settlors' most immediate ancestor having descendants then living, in equal shares per stirpes.

The trust agreement also provides rules governing the trustee's actions, including:

> No trustee at any time in office hereunder shall be required, in any jurisdiction, to furnish any bond or other security, to render any annual or other periodic accountings, or to obtain the approval of any court before applying, distributing, selling or otherwise dealing with any property.

The trust is designated a Connecticut trust, and its terms require it to be administered according to Connecticut law, including any question regarding "the validity and effect of the provisions hereof."

In 2016, David began serving as the trustee of Robert's trust. David and Robert, who both live in central Texas, agree that they are friends and talk regularly. But Robert represents that beginning in 2019, he "has made multiple written requests" of David in which he sought an accounting of the trust. Robert alleges that David has "refused to provide information regarding his compensation" and "terms of loans on Trust property" on his request. Robert maintains that David's "total failure" to keep him "reasonably informed of the administration of the Trust" is "particularly problematic" because, as Robert alleges, David "has engaged in acts that appear to breach his fiduciary duties."

2

In March 2024, Robert sued David in Travis County Probate Court, asserting two claims.[2] First, Robert sought judicial reformation and modification of two of the trust's clauses. Specifically, Robert asked the court to change the trust's choice-of-law provision from applying Connecticut's laws to applying Texas's laws. Robert also asked the court to reform the clause governing the trustee's duties such that the trust agreement would require the trustee to produce an annual accounting to all beneficiaries upon request. Second, Robert sought a statutory accounting and requested that the court remove David as trustee if he failed to timely provide one, then appoint a new trustee nominated by Robert. Alternatively, Robert requested that the court "compel disclosure of all material facts necessary to protect [his] interests," including "a complete list of assets currently owned by the Trust and their current market value," "all transactions entered by David as trustee," "all transactions between David . . . and the Trust," "a complete report of David's compensation," "profit and loss information for all Trust assets," "all terms of the contracts concerning Trust property," and "all debts owed by and to the Trust."

David responded with a general denial, affirmative defenses, and a motion to dismiss under Rule 91a, which he set for a hearing. Before the motion-to-dismiss hearing, Robert and David stipulated to several facts, including that Robert has descendants who are beneficiaries of his trust, that all the trust assets are in Texas, and that David has offered to provide Robert with an appraisal of trust assets. After the hearing, the trial court dismissed Robert's claims with prejudice under Rule 91a. Robert appeals.

---

[2] Robert's petition incorporates the above language from the trust agreement and attaches the trust agreement to the pleadings. *See* Tex. R. Civ. P. 59 (providing for incorporation of certain exhibits into pleadings).

## STANDARD OF REVIEW

Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (citing Tex. R. Civ. P. 91a.6); *see* Tex. R. Civ. P. 59.

When reviewing a dismissal under Rule 91a, we construe the pleadings liberally in favor of the petitioner and accept as true his factual allegations but not his legal conclusions. *Carden v. Minton, Bassett, Flores & Carsey, P.C.*, No. 03-22-00513-CV, 2024 WL 3880035, at *4 (Tex. App.—Austin Aug. 21, 2024, pet. denied) (mem. op.). "[W]hether a defendant is entitled to dismissal under the facts alleged is a legal question." *In re Farmers*, 621 S.W.3d at 266. "We review the merits of a Rule 91a motion de novo." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). And in construing statutory language, "[w]e look to the plain meaning of the words in a statute as an expression of legislative intent." *Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 46 (Tex. 2015); *Commission on Hum. Rts. & Opportunities v. Edge Fitness, LLC*, 268 A.3d 630, 635 (Conn. 2022) (noting that Connecticut courts "follow the plain meaning rule in General Statutes § 1-2z in construing statutes to ascertain and give effect to the apparent intent of the legislature").

4

**DISCUSSION**

On appeal, Robert contends that the trial court erred by dismissing his suit because Connecticut and Texas law both provide legal bases supporting the relief requested in his petition for judicial reformation and modification of the trust as well as his request for an accounting.

Though one of Robert's judicial reformation and modification issues concerns the trust's choice-of-law provision, we must decide as a threshold matter which jurisdiction's law—Connecticut or Texas—to apply in determining whether Robert's suit has a basis in law. Robert offers argument supporting his positions under both Connecticut and Texas law, but David contends Connecticut law must apply based on the choice-of-law provision in the trust. We agree.

When a party contends that a contractual choice-of-law provision requires us to apply the law of another jurisdiction, we first determine if the applicable laws of the two jurisdictions differ. *McKeehan v. McKeehan*, 355 S.W.3d 282, 286 (Tex. App.—Austin 2011, pet. denied) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984)). Here, there is no dispute that Connecticut's and Texas's applicable law differ. *Compare, e.g.*, Tex. Prop. Code §§ 112.051–059 (Subchapter C: Revocation, Modification, and Termination of Trusts), *and id.* § 113.151 (Demand for Accounting), *with* Conn. Gen. Stat. §§ 45a-499dd–499ff (providing substantively different laws for modifying or terminating trust under various circumstances), *and id.* § 45a-499kkk (providing substantively different laws for trustee's duty to inform and report to beneficiaries).

Because these laws conflict, we next decide whether the choice-of-law provision in the trust agreement is enforceable. *McKeehan*, 355 S.W.3d at 286 (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677–81 (Tex. 1990)). "[W]hether a choice-of-law provision is enforceable depends initially on whether the issue in dispute is one that the parties could have resolved by

5

including an explicit provision in their contract." *Id.* at 291 (citing Restatement (Second) of Conflict of Laws § 187 (1971)). Here, the trust agreement states that the choice-of-law provision expressly applies to questions regarding "the validity and effect of the provisions hereof."[3] That is, the trust agreement clarifies that the parties intended for the choice-of-law provision to apply to questions involving the interpretation and enforcement of the trust. Thus, the trust agreement's choice-of-law provision is enforceable, and we consider whether the trial court erred in dismissing Robert's claims under Rule 91a by applying Connecticut law.

## A. Judicial reformation and modification of the trust

First, Robert challenges the trial court's dismissal under Rule 91a based on his request for judicial reformation and modification of two of the trust's provisions: the choice-of-law provision and the provision stating that the trustee has no duty to provide an annual or periodic accounting. Under Connecticut law, a trust may be modified under several specific circumstances, including two that Robert urges are applicable here: (1) by consent, Conn. Gen. Stat. § 45a-499ee, and (2) due to unforeseen circumstances, *id.* § 45a-499ff. Under the first, a court may modify a noncharitable irrevocable trust "upon consent of all of the beneficiaries if the court concludes that modification is not inconsistent with a material purpose of the trust." *Id.* § 45a-499ee(b)(2). A court may also approve the modification of such a trust even if not all beneficiaries consent to the proposed modification "if the court is satisfied that: (1) if all of the

---

[3] The full provision reads:

The trust created hereby shall be a Connecticut trust and shall be administered in accordance with the laws of that State. This Agreement shall be construed, and the validity and effect of the provisions hereof shall be determined, in accordance with those laws.

6

beneficiaries had consented, the trust could have been modified . . . under this section; and (2) the interests of a beneficiary who does not consent will be adequately protected." *Id.* § 45a-499ee(e).

Robert acknowledges that his daughters are beneficiaries under the trust and have not consented to the requested modifications. However, Robert maintains that the trust may be modified because their interests would be adequately protected under the relief sought because the two modifications he seeks would "maximize efficiency," "be more . . . economical for the trust," and "benefit his daughters" if, after his death, they need "to obtain information regarding the Trust administration" or "timely investigate any potential self-dealing or wrongdoing by the Trustee[.]" Robert maintains that the choice-of-law reformation is necessary because he, David, and the trust property are all located in Texas, such that "not granting the relief requested would impair the administration of the trust." And Robert contends that the accounting provision reformation is necessary "to effectuate the Settlors' material purpose of the Trust to provide a primary benefit to [Robert]" and because the current provision "is invalid and unenforceable under Connecticut and Texas law."

Likewise, Robert argues that the two requested modifications are not inconsistent with the material purpose of the trust—to provide for himself and his descendants—because, as to the choice-of-law provision, Texas is the "most convenient" forum for a suit related to the trust now that he, the trustee, and all trust property are located in Texas, and allowing a Texas court to use Texas law in interpreting the trust avoids additional attorneys' fees for the trustee and beneficiaries. Robert similarly maintains that requiring the trustee to provide an annual accounting if requested by a beneficiary is not inconsistent with the trust's purpose of providing for himself and his descendants. And Robert points to the portion of his petition that raises these arguments and factual allegations and expressly invokes section 45a-499(b)(2).

7

David argues that section 45a-499 is inapplicable because it does not apply to irrevocable trusts created before January 1, 2020. *See id.* § 45a-499ee(a). However, that limitation applies specifically to subsection 45a-499ee(a), which permits modification if the settlor, trustee, and beneficiaries all consent,[4] even if the requested modification is inconsistent with a material purpose of the trust—not section 45a-499(b), which Robert argues is applicable here and which requires that the requested modification not to be inconsistent with a material purpose of the trust. *See id.* ("*This subsection* does not apply to irrevocable trusts created before . . . January 1, 2020." (emphasis added)). Further, David contends that Robert has not pleaded that he made any attempt to notify the trust's remaining beneficiaries of the proposed modifications and that his failure to provide the beneficiaries with that notice precludes an analysis of whether modification is proper under section 45a-499ee(e). However, that is more than what the statute's plain language requires: that the modification may be approved "if the court is satisfied that: (1) if all of the beneficiaries had consented, the trust could have been modified . . . under this section; and (2) the interests of a beneficiary who does not consent will be adequately protected." *Id.* § 45a-499ee(e). In other words, section 45a-499ee(e) does not additionally require that the party seeking modification attempt to notify the remaining beneficiaries about the proposed modifications.

Under the applicable standard of review, in which we construe the pleadings liberally in Robert's favor, look to his intent, and accept as true the factual allegations in the pleadings to determine whether the claim has a basis in law or fact, *see Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied), we cannot conclude that Robert's

---

[4] Or, if not all beneficiaries consent to a proposed modification under subsection (a), the modification may still be approved if the court is satisfied that if all beneficiaries had consented, the trust could have been modified under subsection (a) and that the interests of a beneficiary who does not consent will be adequately protected. Conn. Gen. Stat. § 45a-499ee(e).

request for a modification under § 45a-499ee(b)(2) has no basis under Connecticut law.[5] Dismissal of this claim under Rule 91a was thus error. We sustain Robert's first issue.

## B. Request for an accounting or disclosure of material facts

Next, Robert contends that his request for an accounting, or alternatively, for disclosure of material facts necessary to protect his interests, is recognized by Connecticut and Texas law such that the trial court erred in dismissing his claim under Rule 91a. Having determined that Connecticut law applies, we consider this issue under the relevant Connecticut laws.

Robert argues that two legal bases under Connecticut law support his request for an accounting: section 45a-499kkk of the Connecticut General Statutes, and the common-law principle that a beneficiary is entitled to an accounting based on the existence of a fiduciary relationship, regardless of the trust's language.

Section 45a-499kkk of the Connecticut General Statutes provides in relevant part:

> (a) A trustee shall keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for the beneficiaries to protect their interests. A trustee shall promptly respond to a beneficiary's request for information reasonably related to the administration of the trust.
>
> . . . .
>
> (d) A beneficiary of a trust may petition the court for an accounting by the trustee. The court may grant the petition of: . . . (3) a beneficiary of an inter vivos trust, if

---

[5] Accordingly, we do not reach Robert's alternative request for a modification under section 45a-499ff regarding modification due to unforeseen circumstances.

the court finds the standard set forth in subsection (c) of section 45a-175[6] is satisfied.

Conn. Gen. Stat. § 45a-499kkk(a), (d). Robert contends that subsection (d) permits a beneficiary to petition the court for an accounting regardless of the trust's terms concerning the trustee's duty (or, like here, lack thereof) to provide periodic accountings. And Robert maintains that subsection (a) at least provides a basis in law for his alternative request for a disclosure of material facts necessary to protect his interests in the trust assets.

We agree with Robert. The plain language of subsection 45a-499kkk(a) provides a legal basis for Robert's claim for an accounting, and Robert pleaded sufficient facts to support his claim for an accounting in his petition. For example, he alleged that he made "multiple requests for information about the assets within the Trust to David" since 2019, including a "written request for an accounting," but David "has not responded" and has "wholly ignored" his request for an accounting. Robert also alleged that David "has engaged in acts that appear to breach his fiduciary duties to [Robert], including entering a transaction involving trust property in his individual capacity which suggests self-dealing and failing to pay taxes, resulting in a lien on Trust Property." That is, Robert pleaded facts that, when accepted as true, establish that he "has an interest in the

---

[6] Connecticut General Statutes section 45a-175(c) states:

> Any beneficiary of an inter vivos trust may petition a Probate Court specified in section 45a-499p for an accounting by the trustee or trustees. The court may, after hearing with notice to all interested parties, grant the petition and require an accounting for such periods of time as it determines are reasonable and necessary on finding that: (A) The beneficiary has an interest in the trust sufficient to entitle the beneficiary to an accounting, (B) cause has been shown that an accounting is necessary, and (C) the petition is not for the purpose of harassment.

Conn. Gen. Stat. § 45a-175(c).

10

trust sufficient to entitle the beneficiary to an accounting," has shown cause "that an accounting is necessary," and has not brought his petition "for the purpose of harassment." *See id.* §§ 45a-499kkk(d), 175(c).

Similarly, the plain language of subsection 45a-499kkk(a) provides a legal basis for Robert's alternative claim to "compel disclosure of material facts necessary to protect [his] interests." Robert alleged that David "has not responded" to requests for "information regarding the profitability and income of the Trust property for years." In other words, Robert's allegations, taken as true, establish that David has failed to "promptly respond to a beneficiary's request for information reasonably related to the administration of the trust." *See id.* § 45a-499kkk(a).

David maintains that he has no statutory obligation to provide an accounting for the trust because the trust was created before January 1, 2020, and no other Connecticut statute—besides section 45a-499kkk(a)—imposes a formal accounting requirement. However, section 45a-499kkk(h) states that "The provisions of *subsections (b) and (c)* of this section do not apply to an irrevocable trust created before January 1, 2020[.]" *Id.* § 45a-499kkk(h). But here, Robert argues that subsections (a) and (d) apply—not subsections (b) or (c). Thus, subsection (h) does not impose any limitation on Robert's requests for an accounting or disclosure of material information under Connecticut law based on the trust's creation date.

Notwithstanding Robert's request for a modification to the trust's accounting provision, his claim for an accounting and his alternative request for disclosure of material facts necessary to protect his interests have a legal basis under Connecticut law and are supported by the factual allegations in his petition. *See id.* § 45a-499kkk(a), (d). That is, construing the pleadings liberally in Robert's favor and accepting as true his factual allegations in the pleadings, *see Koenig*, 497 S.W.3d at 599, Robert's request for an accounting and for disclosure of material

11

facts necessary to protect his interests are legally cognizable under Connecticut law.[7]  The trial court erred by dismissing these claims under Rule 91a.  We sustain Robert's second issue.

## CONCLUSION

For the above reasons, we reverse the trial court's judgment dismissing Robert's suit with prejudice and remand the case for proceedings consistent with this opinion.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Reversed and Remanded

Filed:   May 29, 2025

---

[7]  Having determined that section 45a-499kkk supports Robert's claim for an accounting or disclosure of material information, we do not reach his second argument concerning common-law principles.