FILE COPY



# THE SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

Friday, September 18, 2015

Sammy Johnson II
Mike Love & Associates, LLC
202 E Lufkin Ave Ste 201
Lufkin, TX 75901-0314
* DELIVERED VIA E-MAIL *

Mr. Robert T. Cain Jr.
Alderman Cain & Neill PLLC
122 East Lufkin Avneue
Lufkin, TX 75901-2805
* DELIVERED VIA E-MAIL *

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 21 2015

TYLER TEXAS
PAM ESTES, CLERK

RE:   Case Number: 15-0037
Court of Appeals Number: 12-13-00344-CV
Trial Court Number: CV-01271-12-3

Style:  LOUIE LAWSON, REPRESENTATIVE OF THE ESTATE OF CAROLYN BURNS
v.
CITY OF DIBOLL, TEXAS

Dear Counsel:

Today the Supreme Court of Texas issued an opinion(s) and judgment in the above-referenced cause. You may obtain a copy of the opinion(s) and judgment through Case Search on our Court's webpage at: http://www.txcourts.gov/supreme.aspx. On the Case Search page simply enter the case number and push the Search button to find the docket page for your case.

Sincerely,

Blake A. Hawthorne, Clerk

by Monica Zamarripa, Deputy Clerk

cc:   Ms. Cathy S. Lusk (DELIVERED VIA E-MAIL)
Ms. Reba Squyres Clerk

# IN THE SUPREME COURT OF TEXAS

No. 15-0037

LOUIE LAWSON, REPRESENTATIVE OF THE ESTATE OF CAROLYN BURNS,
PETITIONER,

v.

CITY OF DIBOLL, TEXAS, RESPONDENT

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 2 1 2015

TYLER TEXAS
PAM ESTES, CLERK

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

## PER CURIAM

In this premises-defect case, a spectator at a youth softball game sustained injuries in a trip-and-fall accident while exiting a baseball complex in a city park. At issue is whether the recreational use statute encompasses the spectator's claims against the city and, therefore, elevates the liability standard required to invoke the Texas Tort Claims Act's governmental-immunity waiver. *See* TEX. CIV. PRAC. & REM. CODE §§ 75.001–.007; *State v. Shumake*, 199 S.W.3d 279, 281 (Tex. 2006). On interlocutory appeal from a trial-court order denying the city's plea to the jurisdiction, the court of appeals applied the recreational use statute and dismissed the case for want of subject-matter jurisdiction. No. 12-13-00344-CV, 2014 WL 6792679, at *1, *5 (Tex. App.—Tyler Dec. 3, 2014) (mem. op.). The court, however, did not have the benefit of our recent opinion in *University of Texas at Arlington v. Williams*, in which we determined that the recreational use statute is inapplicable to spectators at outdoor competitive-sporting events. 459 S.W.3d 48, 55 (Tex. 2015) (plurality op.); *id.*

at 63 (Boyd, J., concurring). Following *Williams*, we reverse and remand to the trial court for further proceedings.

The relevant jurisdictional facts are not contested. The City of Diboll owns and operates Old Orchard Park and opens it to the public for various recreational activities. Among other facilities, the park has a baseball complex at which the Diboll Youth Baseball League holds its games, at no charge to the league or spectators. On opening day of the youth baseball and softball season, Carolyn Burns attended her granddaughter's softball game at the baseball complex with approximately 1,500 other spectators. After the game, Burns exited the baseball complex and walked toward the parking lot with family members and other spectators. While walking on a paved sidewalk, Burns tripped on a hollow pipe protruding from the center of the walkway and was injured. The pipe was designed to hold a four-foot, vertical metal pole used to prevent unauthorized vehicle access to the baseball complex. On the day of the incident, the pole was missing. Although the pipe protrusion was painted yellow and was approximately four-inches high, Burns claimed she did not see it because she was walking in a crowd of people.

Burns filed a premises-liability lawsuit against the City, alleging the City violated its duty of ordinary care by creating an unreasonable risk of harm and failing to "provide a safe walkway passage free of obstacles."[1] In a plea to the jurisdiction, the City invoked the recreational use statute, which raises the liability standard required to trigger the Texas Tort Claims Act's immunity waiver in premises-defect cases involving lands opened to the public for "recreation." *See* TEX. CIV. PRAC. &

---

[1] While the lawsuit was pending in the trial court, Burns died in an automobile accident, and her estate's personal representative, Louie Lawson, was substituted as the plaintiff.

REM. CODE §§ 75.002, .003(d)–(g), 101.021, .022, .025. The City asserted that it retained its immunity from suit because (1) Burns was engaged in "recreation" at the time of her injury and (2) she neither pleaded nor produced evidence to satisfy the recreational use statute's heightened liability standard. *See id.* §§ 75.001(3), .002(d).

The trial court denied the plea, but the court of appeals reversed, holding that "spectating at a sporting event constitutes recreation." 2014 WL 6792679, at *4. The court determined that Burns's activities—watching the game while sitting in a lawn chair and returning to her vehicle thereafter—qualified as "recreation" under a catchall definition applying to "any other activity associated with enjoying . . . the outdoors." *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 75.001(3)(L). In so holding, the court analogized those activities to hiking and picnicking, which are expressly included in the statutory definition of "recreation." 2014 WL 6792679, at *4 (citing TEX. CIV. PRAC. & REM. CODE § 75.001(3)(F), (G)). The court rendered judgment dismissing the case for want of subject-matter jurisdiction because Burns had conceded the absence of pleadings and proof of gross negligence. *Id.* at *5.

Our opinion in *Williams*, issued after the court of appeals' opinion, compels a different conclusion. In *Williams*, we held that neither watching a competitive-sporting event nor related acts of egress are encompassed in the recreational use statute's definition of "recreation." *Williams*, 459 S.W.3d at 57 (plurality op.) (holding recreational use statute did not apply to competitive-sporting events or spectators); *id.* at 59 (Guzman, J., concurring) (plaintiff was injured following conclusion of sporting event and her specific activity at that time—signing an authorization form to retrieve minor participant—was not recreation); *id.* at 62 (Boyd, J., concurring) (neither spectating at a soccer game

3

nor retrieving child thereafter is a recreational activity within the statute's purview). The facts in *Williams* are materially indistinguishable from those in this case.

In *Williams*, the plaintiff had attended her daughter's high school soccer game at the University of Texas football stadium in Arlington. *Id.* at 49 (plurality op.). After the game concluded, she fell while leaning on a gate with an inoperable latch. *Id.* at 50. At the time, she was attempting to procure a release form required to pick up her daughter. *Id.* at 58 (Guzman, J., concurring).

Relying on our opinion in *Torres v. City of Bellmead*, 89 S.W.3d 662 (Tex. 2002), in which we applied the recreational use statute to enjoyment of playground equipment, the university had argued that "no difference exists between playgrounds and sports stadiums or between those who watch or play at either place because both activities are 'associated with enjoying nature or the outdoors'" within the meaning of the recreational use statute's catchall provision. 459 S.W.3d at 55. The plurality opinion rejected the university's argument, explaining that "[w]hile both activities are more likely than not to occur outside, their association with the enjoyment of nature or the outdoors is different." *Id.* The opinion observed that "[g]athering together . . . to cheer a soccer team is not to remove oneself from human habitation but to embrace it; it is not the pursuit of nature but rather the celebration of organized human activity." *Id.* at 54. The catchall provision did not encompass the act of spectating at a competitive-sporting event "[b]ecause the outdoors and nature are not integral to the enjoyment of [that] activity and because [that] activity is unlike the others the statute [expressly] uses to define 'recreation.'" *Id.* at 55; *cf. id.* at 59 (Guzman, J., concurring) ("[W]e must construe the catchall provision narrowly to encompass only those activities closely connected to enjoying the outdoors.").

Although not embracing the plurality's analysis, JUSTICE BOYD concurred with the opinion's salient holding. *Id.* at 62 (Boyd, J., concurring). Thus, a majority of the Court agreed that under facts similar to those in this case, the recreational use statute does not apply.

The City attempts to distinguish *Williams* by pointing to factual differences between that case and this one—differences in the degree of competitiveness (nominal vs. interscholastic), the players' skill levels (Little League vs. high school), venue (city park vs. college stadium), and admission charges to see the sporting event. While the nature of the sporting event and the venue differ to a degree, those differences are immaterial under the majority view in *Williams*, which focused on the type of activity—spectating at a competitive-sporting event—and its relationship to either the activities expressly included in the definition of "recreation" or appreciation of the natural world. *Id.* at 54-55 (plurality op.) (to fall within the statute's catchall provision, enjoyment of the outdoors or nature must be integral to enjoyment of the activity); *id.* at 62 (Boyd, J., concurring) (focusing on the activity's nature, not the type of venue); *cf.* TEX. CIV. PRAC. & REM. CODE § 75.003(c) (except for a governmental unit, the recreational use statute applies only if no charge for entry or total charges for entry in preceding calendar year do not exceed twenty times the total amount of ad valorem taxes imposed on the premises).

Because spectating at a competitive-sporting event is not "recreation" under the recreational use statute, we reverse the court of appeals' judgment without hearing oral argument and remand this case to the trial court. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED**: September 18, 2015

5

12-13-00344-CV


FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 21 2015

TYLER TEXAS
PAM ESTES, CLERK

# IN THE SUPREME COURT OF TEXAS

No. 15-0037

LOUIE LAWSON, REPRESENTATIVE OF THE ESTATE OF CAROLYN BURNS,
PETITIONER,

v.

CITY OF DIBOLL, TEXAS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

## JUDGMENT

THE SUPREME COURT OF TEXAS, having heard this cause on petition for review from

the Court of Appeals for the Twelfth District, and having considered the appellate record and

counsel's briefs, but without hearing oral argument under Texas Rule of Appellate Procedure 59.1,

concludes that the court of appeals' judgment should be reversed.

IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that:

1)   The court of appeals' judgment is reversed;

2)   The case is remanded to the trial court for further proceedings consistent with this Court's opinion; and

3)   Louie Lawson shall recover, and the City of Diboll, Texas, shall pay, the costs incurred in this Court.

Copies of this Court's judgment and opinion are certified to the Court of Appeals for the

Twelfth District and to the District Court of Angelina County, Texas, for observance.

Opinion of the Court delivered Per Curiam

September 18, 2015

\*\*\*\*\*\*\*\*