

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00151-CV

CITY OF MADISONVILLE,

                                                            Appellant

 v.

IVAN ARISTIDES CRUZ HERNANDEZ,
ANDREW DIAZ, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF
APOLO ESTRADA DIAZ, AND MARIA DIAZ,
AS REPRESENTATIVE OF THE ESTATE OF
APOLO ESTRADA DIAZ,

                                                            Appellees


From the 278th District Court
Madison County, Texas
Trial Court No. 21-17145

## MEMORANDUM OPINION

In one issue, appellant, the City of Madisonville ("City"), challenges the trial court's denial of a motion to dismiss filed under Texas Rule of Civil Procedure 91a asserting that the trial court lacked subject-matter jurisdiction. We affirm.

## Background

In the early morning hours of June 14, 2021, a crash occurred at the Madisonville Municipal Airport after an aircraft struck trees near the runway on the airport grounds during an attempted nighttime landing. The pilot of the aircraft, Apolo Estrada Diaz, was killed on impact, but the passenger, Ivan Aristides Cruz Hernandez, who is an appellee in this case, survived. Hernandez sustained extensive bodily injuries as a result of the crash.

Hernandez filed suit against the City, among others. In his live pleading, Hernandez asserted a premises-defect claim against the City. Specifically, Hernandez contended that the City was grossly negligent for poorly maintaining vegetation and for failing to provide sufficient lighting near the runway. Hernandez alleged that the City: (1) create unsafe conditions for landing; (2) failed to maintain the airport and associated equipment in a reasonably safe manner; (3) failed to properly repair and maintain the landing area at the airport; (4) failed to inspect the municipal airport to uncover and eliminate unreasonably dangerous conditions; (5) hired and maintained employees that were unqualified to operate and maintain the airport facilities; (6) failed to maintain a reasonably safe premises; (7) failed to warn of and/or eliminate unreasonably dangerous premises conditions; and (9) failed to adhere to federal, state, local and municipal codes, statutes, and rules applicable to the maintenance and operation of an airport. Hernandez also argued that the City's immunity was waived by the Texas Tort Claims Act ("TTCA").

In response, the City filed a motion to dismiss under Rule 91a, arguing that Hernandez's claims should be dismissed as not having any basis in law or in fact because the trial court lacked subject-matter jurisdiction over the case based on Hernandez's failure to demonstrate a waiver of immunity under the TTCA for any claim.[1]  The City also contended that the Recreational Use Statute applies, and that Hernandez failed to plead facts demonstrating the City breached a duty owed to a licensee.

The trial court initially granted the City's Rule 91a motion to dismiss.  However, the trial court reconsidered and ultimately denied the City's Rule 91a motion to dismiss.  Thereafter, the City filed its notice of interlocutory appeal.

**Appellate Jurisdiction**

The City filed a Rule 91a motion to dismiss, and the trial court's order states that "The City of Madisonville's Motion to Dismiss Under Rule 91a is denied."  The characterization of the City's motion and the trial court's subsequent denial is important because nothing permits an interlocutory appeal of a denial of a Rule 91a motion to dismiss.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) (noting that a party may not appeal an interlocutory order unless authorized by statute); *Koenig v. Blaylock*, 497 S.W.3d 595, 598 n.4 (Tex. App.—Austin 2016, pet. denied) (observing that no statute permits an interlocutory appeal from

---

[1] The City did not file a separate plea to the jurisdiction or other motion asserting that the trial court lacked subject-matter jurisdiction on the basis that the City's immunity was not waived.

an order denying a Rule 91a motion); *see also S. Cent. Houston Action v. Stewart*, No. 14-15-00088-CV, 2015 Tex. App. LEXIS 3084, at *1 (Tex. App.—Houston [14th Dist.] Mar. 31, 2015, no pet.) (mem. op.) (per curiam) (holding that an appellate court has no jurisdiction over an interlocutory order denying a Rule 91a motion to dismiss); *cf. In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam) (holding that a denial of a Rule 91a motion to dismiss is subject to mandamus review).

However, despite the foregoing, several Texas courts have determined that an order denying a Rule 91a motion to dismiss may be the subject of an interlocutory appeal if its component rulings fall within the categories of appeals authorized by section 51.014 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *see also Bass v. Waller Cnty. Sub-Regional Planning Comm'n*, 514 S.W.3d 908, 912 & n.14 (Tex. App.—Austin 2017, no pet.) (noting that "the Legislature has thus far not seen fit to authorize—at least categorically—appeal of interlocutory orders . . . denying Rule 91a motions" but that such orders "can conceivably include component rulings that have been made appealable").

In its Rule 91a motion to dismiss, the City asserted that Hernandez's claims lacked a basis in law or in fact because Hernandez failed to plead facts establishing a waiver of the City's immunity under the TTCA and the Recreational Use Statute. The City further asserted that because Hernandez's pleadings do not establish a waiver of the City's immunity, the trial court lacked subject-matter jurisdiction over the case. In its brief, the

City construes its Rule 91a motion to dismiss as a plea to the jurisdiction, and at oral argument, the City contended that this Court has jurisdiction over this appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (providing for an interlocutory appeal from an order granting or denying a plea to the jurisdiction filed by a governmental unit).

The Texas Supreme Court "considers 'plea to the jurisdiction' not to refer to a 'particular procedural vehicle,' but rather to the substance of the issue raised." *City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) (per curiam) (noting also that immunity from suit implicates subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction (citing *Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004)). Furthermore, a few Texas courts have construed a denial of a Rule 91a motion to dismiss that challenged the trial court's subject-matter jurisdiction as a plea to the jurisdiction under section 51.014(a)(8) for the purpose of affording the governmental unit the right to an interlocutory appeal. *See San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 839-40 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (per curiam); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.); *see also City of Houston v. Gonzales*, No. 14-19-00768-CV, 2021 Tex. App. LEXIS 5017, at \*\*2-3 (Tex. App.—Houston [14th Dist.] June 24, 2021, no pet.) (mem. op.).

Because we look to the substance of the City's Rule 91a motion and not the title of the motion, and because the City's Rule 91a motion to dismiss challenges the trial court's

subject-matter jurisdiction, we have jurisdiction over this appeal from the denial of the City's Rule 91a motion to dismiss under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *City of Magnolia 4A Econ. Dev. Corp.*, 533 S.W.3d at 299; *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought.")[2]; *San Jacinto River Auth.*, 572 S.W.3d at 839-40; *City of Austin*, 431 S.W.3d at 822; *see also City of Houston*, 2021 Tex. App. LEXIS 5017, at **2-3.

## Standards of Review and Applicable Law

PLEA TO THE JURISDICTION

Subject-matter jurisdiction is essential to a court's jurisdiction to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Sykes*, 136 S.W.3d at 638; *see TitleMax of Tex., Inc. v. City of Austin*, 639 S.W.3d 240, 245 (Tex. App.—Houston [1st Dist.] 2021, no pet.). The plaintiff has the burden of demonstrating that the trial court

---

[2] In section 51.014 of the Texas Civil Practice and Remedies Code, the Legislature has provided for interlocutory appeals from the denial of a motion for summary judgment based on an assertion of immunity by a governmental unit or employee of a governmental unit and the grant or denial of a plea to the jurisdiction brought by a governmental unit, but the Legislature has not specifically provided for an interlocutory appeal from the denial of a Rule 91a motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5), (a)(8).

has subject-matter jurisdiction over the case. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

If a plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff has "alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016) (internal quotations omitted). If the plea to the jurisdiction challenges the existence of jurisdictional facts, which also implicate the merits of the case, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632-33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Id.; see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-28 (Tex. 2004).

We review a trial court's ruling on a plea to the jurisdiction de novo. *Suarez*, 465 S.W.3d at 632. Our de novo review looks to the pleader's intent and construes the pleadings in his favor. *City of Houston v. Vallejo*, 371 S.W.3d 499, 501 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

Sovereign immunity and its counterpart for political subdivisions, governmental immunity, protect the State and its political subdivisions, including counties, cities, and municipalities, from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008); *see Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Miranda*, 133 S.W.3d at 225-26. Absent waiver, governmental entities, such as the City, retain immunity from suit. *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002); *see* TEX. CIV. PRAC. & REM. CODE ANN. § (defining a "[g]overnmental unit" as "a political subdivision of this state, including any city . . .").

RULE 91A MOTION TO DISMISS

Texas Rule of Civil Procedure 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the plaintiff to the relief sought. *Stallworth v. Ayers*, 510 S.W.3d 187, 189-90 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The trial court "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by" the rules of civil procedure. TEX. R. CIV. P. 91a.6.

We review a trial court's ruling on a Rule 91a motion to dismiss de novo. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *See Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (noting that an appellate court reviews a Rule 91a motion to dismiss under a similar standard as a plea to the jurisdiction); *see also Gonzales*, 2021 Tex. App. LEXIS 5017, at *3 (same).

## Hernandez's Pleadings

Here, Hernandez asserted a premises-defect claim against the City under the TTCA. In its Rule 91a motion to dismiss, the City contended that Hernandez's claims should be dismissed as not having any basis in law or in fact because the trial court lacked subject-matter jurisdiction over the case based on Hernandez's failure to plead sufficient facts to demonstrate a waiver of immunity under the TTCA for any claim. By asserting a jurisdictional challenge within the context of a Rule 91a motion to dismiss, the City has essentially asserted a plea to the jurisdiction based solely on the pleadings. *See City of Austin*, 431 S.W.3d at 822 (concluding that a Rule 91a motion to dismiss that challenged the trial court's subject-matter jurisdiction challenged only the pleadings, especially considering Rule 91a.6 bars the consideration of evidence in ruling on the Rule 91a motion to dismiss).

"Under the TTCA, the government waives immunity from suit to the extent of liability under the Act." *City of League City v. LeBlanc*, 467 S.W.3d 616, 620-21 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The TTCA provides a waiver of immunity for certain personal injuries "so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). When a "claim raises from a premises defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *Id.* § 101.022(a). To succeed on a premises-defect claim, Hernandez, as a licensee, is required to show that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the governmental unit actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the governmental unit failed to exercise ordinary care to protect the licensee from danger; and (5) the governmental unit's failure was a proximate cause of injury to the licensee. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *see also City of Brownsville v. Reglado*, Nos. 13-21-00149-CV & 13-21-00150-CV, 2022 Tex. App. LEXIS 4296, at *20 (Tex. App.—Corpus Christi June 23, 2022, pet. filed) (mem. op.).

On appeal, the City focuses its complaint on the actual-knowledge element of Hernandez's premises-defect claim. To prove that a governmental unit had actual knowledge of an unreasonable risk of harm, a licensee must show that the governmental

unit actually knew of a dangerous condition at the time of the accident. *See Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2011) (per curiam) (citing *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413-14 (Tex. 2008) (per curiam); *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006) (per curiam)). "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex. Pan-Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (internal citations omitted).

In his live pleading, Hernandez set forth that he sustained injuries because of a crash at the Madisonville Municipal Airport after the aircraft struck trees on the airport grounds during an attempted nighttime landing where the lighting of the runway was allegedly insufficient. Hernandez further contended that the City's "negligence, gross negligence, and/or negligence per se were the proximate cause of [his] foreseeable harms and losses as a result of its own direct acts and omissions and caused by those it employs under the doctrine of respondeat superior." Hernandez then described the acts and omissions as follows,

> 1) Creating unsafe conditions for landing; 2) failing to maintain the airport and associated equipment in a reasonably safe manner[;] 3) failing to properly repair and maintain the landing area at the airport; 4) failing to inspect the municipal airport to uncover and eliminate unreasonably dangerous conditions; 5) hiring and maintaining employees that were unqualified to operate and maintain the airport facilities; 6) failing to maintain a reasonably safe premises; 7) failing to warn of and/or eliminate unreasonably dangerous premises conditions; 8) failing to adhere to

federal, state, local and/or municipal codes, statutes and rules applicable to the maintenance and operation of an airport.

Regarding the City's actual knowledge of the purported dangerous conditions, Hernandez alleged that "Defendant [the City] had actual, subjective awareness of the risk involved in the above-described acts or omissions." Hernandez did not reference any prior injuries or reports of the potential danger presented by the purported dangerous conditions. The City contends that Hernandez's allegation regarding the actual-knowledge element is insufficient in light of the federal pleading standards, which the City contends Rule 91a was modeled after.

Texas is a fair-notice pleading jurisdiction, and therefore, the standard of fair notice is applied to Rule 91a motions to dismiss. *See In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 745 (Tex. App.—Corpus Christi 2018, orig. proceeding) (citing *Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied); *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied); *In re Butt*, 495 S.W.3d 455, 462 (Tex. App.—Corpus Christi 2016, orig. proceeding); *Wooley*, 447 S.W.3d at 76); *see also Serna v. Banks*, No. 13-20-00505-CV, 2022 Tex. App. LEXIS 6498, at *6 (Tex. App.—Corpus Christi Aug. 30, 2022, no pet.) (mem. op.). The fair notice standard is a "relatively liberal standard." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see* TEX. R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice."); TEX. R. CIV. P. 47 (requiring pleadings to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). Under the fair-notice standard, a pleading is sufficient if it

provides the opposing party with fair and adequate notice of the facts upon which the pleader bases their claims to enable the opposing party to prepare a defense or response. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224-25 (Tex. 2017).

Under this standard, we look to the pleader's intent and uphold the pleading "'even if some element of a cause of action has not been specifically alleged'" because "'[e]very fact will be supplied that can be reasonably inferred from what is specifically stated.'" *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) (quoting *Gulf Colorado & Santa Fe Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963)); *see In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding); *see also Aldous v. Bruss*, 405 S.W.3d 847, 857 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("It is not a valid objection to generally complain that the pleading does not set out enough factual details if fair notice of the claim is given."). Furthermore, a plaintiff is not required to "'set out in his pleadings the evidence upon which he relies to establish his asserted cause of action.'" *In re Lipsky*, 460 S.W.3d at 590 (quoting *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988)). However, we cannot "use a liberal construction of the petition as a license to read into the petition a claim that it does not contain." *In re Estate of Sheshtawy*, 478 S.W.3d 82, 87 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). When applying the fair-notice standard to our review of the pleadings on a Rule 91a motion to dismiss, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action

has a basis in law or fact. *Aguilar*, 545 S.W.3d at 675-76; *Stallworth*, 510 S.W.3d at 190; *Koenig*, 497 S.W.3d at 599; *In re Butt*, 495 S.W.3d at 462.

Despite the foregoing, the City argues that Rule 91a motions to dismiss are similar to a Rule 12(b)(6) motion to dismiss in the federal system and that Hernandez's allegation regarding the actual-knowledge element is threadbare and wholly insufficient to demonstrate a waiver of immunity and, by extension, vest subject-matter jurisdiction in the trial court. We disagree.

In 2017, the Corpus Christi Court of Appeals rejected a virtually identical argument as made by the City in this case. *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 609-12 (Tex. App.—Corpus Christi 2017, no pet.). Specifically, the *Reaves* court concluded that Rule 91a did not replace Texas's notice-pleading standard. *See id.* at 610. In a comprehensive discussion of federal 12(b)(6) motions to dismiss, as well as the federal pleading standards under *Twombly*[3] and *Iqbal*[4], the *Reaves* court rejected the City of Corpus Christi's argument that "*Iqbal* is now the rule in Texas, in light of *Iqbal*'s incompatibility with well-established Texas pleadings principles, as well as our supreme court's continued holding that Texas remains a fair-notice state." *Id.* at 612 (citing *In re Lipsky*, 460 S.W.3d at 590; *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 708 n.105 (Tex.

---

[3] *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[4] *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

2015) (orig. proceeding)). We agree with the analysis and conclusion of the *Reaves* court regarding the applicability of the federal pleading standards.

Therefore, applying the fair-notice standard, we cannot say that Hernandez's live pleading, when read in totality, was insufficient to put the City on notice of Hernandez's claims, as well as the possibility of a waiver of immunity under section 101.022 of the TTCA that would vest the trial court with subject-matter jurisdiction.[5] In other words, we cannot say that, after applying the appropriate standards, that Hernandez's live pleading lacks a basis in law or in fact such that it should be dismissed under Rule 91a.[6]

---

[5] This is not to say that Hernandez has established, to the requisite level, that the City's immunity is waived under section 101.022 of the TTCA. Our conclusion merely addresses the pleading-sufficiency argument made by the City. And as stated above, we conclude that Hernandez plead enough to "survive and advance" and avoid the harsh remedy of a Rule 91a motion to dismiss. *See In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 750 (Tex. App.—Corpus Christi 2018, orig. proceeding) (noting that "Rule 91a provides a harsh remedy that should be strictly construed" and concluding that plaintiff's first amended petition provided sufficient facts to give fair notice of his claim (internal citations omitted)).

[6] And even if we are incorrect in our analysis of the trial court's ruling on the City's Rule 91a motion to dismiss, there is an open question as to whether Hernandez should be afforded the opportunity to amend his pleadings and possibly obtain discovery to aid in the amendment of his pleadings, as is customary within the context of a plea to the jurisdiction. *See Tex. A&M Univ. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding that the nonmovant faced with a plea to the jurisdiction "deserves the opportunity to amend his pleadings if the defects can be cured")); *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("A trial court must grant a plea to the jurisdiction, after providing an appropriate opportunity to amend, when the pleadings do not state a cause of action upon which the trial court has jurisdiction." (internal citations omitted)); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 753 (Tex. App.—Austin 1998, no pet.); *see also London v. Rick Van Park, LLC*, No. 05-20-00813-CV, 2021 Tex. App. LEXIS 3671, at *13 (Tex. App.—Dallas May 11, 2021, no pet.) (mem. op.) (emphasis added) (stating that whether the plea to the jurisdiction challenges only the pleadings or the existence of sufficient jurisdictional evidence, "[d]ismissal without [an opportunity for] repleading is required only when the pleadings or jurisdictional evidence demonstrate that the plaintiff's suit falls outside *any* waiver of sovereign immunity"). However, given the stated purpose of Rule 91a of quickly resolving baseless claims and the fact that Rule 91a involves a merit-based analysis of the pleadings, it is not clear that Hernandez would be entitled to an opportunity to amend or additional discovery. *See* TEX. R. CIV. P. 91a.3(a) (motion must be filed within 60 days after the first pleading containing the challenged claim is served on the movant), 91a.3(c) (motion must be granted or denied within 45 days after the motion is filed); *Auzenne v. Great Lakes Reinsurance, PLC*, 497 S.W.3d 35, 40 (Tex.

## The Recreational-Use Statute

Next, the City contends that it is entitled to immunity in this case under the Recreational Use Statute, as outlined in Chapter 75 of the Texas Civil Practice and Remedies Code. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 75.001-.007. The Recreational Use Statute states, in pertinent, that:

> (c) If an owner, lessee, or occupant of real property other than agricultural land gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:
>
> > (1) assure that the premises are safe for that purpose;
> >
> > (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or
> >
> > (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

---

App.—Houston [14th Dist.] 2016, no pet.) (Jamison, J., dissenting) ("Rule 91a provides a mechanism for the quick dismissal of causes of action that have no basis in law or fact, as judged solely by the sufficiency of the pleadings raising the cause of action and any properly attached pleading exhibits."); *see also Dallas Cty. Republican Party v. Dallas Cty. Democratic Party*, No. 05-18-00916-CV, 2019 Tex. App. LEXIS 7687, at **9-10 (Tex. App.—Dallas Aug. 26, 2019, no pet.) (mem. op.) ("A dismissal under 91a is a judgment on the merits and presumably carries res judicata implications. . . . In contrast, subject matter jurisdiction is a prerequisite to entertaining the merits, and whenever a court finds a lack of jurisdiction it is obligated to go no further and dismiss. . . . Such a judgment is, per force, not one 'on the merits.'" (internal citations omitted). But such a conclusion is inconsistent with the case law governing pleas to the jurisdiction, which is how the City has characterized the motion on appeal. Additionally, it would seem patently unfair to apply the rules for pleas to the jurisdiction for the purpose of obtaining an interlocutory appeal when one does not usually exist, but then later deny Hernandez the opportunity to amend, if it is possible for him to amend his pleadings to demonstrate that the trial court has subject-matter jurisdiction. In this context, the City should not get to have its cake and eat it too.

*Id.* § 75.002(c); *see Univ. of Tex. at Arlington v. Williams*, 459 S.W.3d 48, 49 (Tex. 2015) (plurality op.). This limitation on liability does not apply where the owner, lessee, or occupant has been "grossly negligent or has acted with malicious intent or in bad faith." TEX. CIV. PRAC. & REM. CODE. ANN. § 75.002(d).

Section 75.001(3) provides a laundry list of activities that qualify as recreational activities. *See id.* § 75.001(3). Noticeably absent from this list is flying aircraft or usage of the City's airport. *See id.*; *but see Suarez*, 465 S.W.3d at 632 ("As used in the recreational use statute, the term 'recreation' includes a non-exclusive list of activities . . . ."). Nevertheless, the City contends that the catch-all provision in section 75.001(3)(L) covers the actions involved in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3)(L) (providing that recreation includes "any other activity associated with enjoying nature or the outdoors").

Statutory construction is a legal question that we review de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *Id.* We construe the statute according to the plain meaning of its words unless a contrary intention is apparent from the context, or unless such a construction leads to an absurd result. *Id.* at 625-26.

The Texas Supreme Court has held that it is not the landowner's or the injured party's intent for the land that matters but what the injured party was doing at the time

he was injured that controls. *See City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex. 2002). Thus, the fact that Hernandez was injured at a municipal airport is not determinative of whether the Recreational Use Statute applies.

Moreover, the doctrine of *ejusdem generis* and the similar doctrine of *noscitur a sociis* apply to restrict the potentially broad meaning of section 75.001(3)(L). *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) (noting that we employ the doctrines of *ejusdem generis* and *noscitur a sociis* to construe specific terms no more broadly than the legislature intended); *see also Torres*, 89 S.W.3d at 618 (Hankinson, J., dissenting) (noting that the list of activities which are considered recreation under the Recreational Use Statute does not indicate a legislative intent to "expand the scope of the statute to all activities that occur outdoors"). Under *ejusdem generis*, when general words follow specific examples, we treat the general words as limited and apply them only to the same kind or class as those expressly mentioned. *City of San Antonio*, 111 S.W.3d at 29. *Noscitur a sociis* means that the meaning of particular words in a statute may be ascertained by reference to other words associated with them in the same statute. *Id.*; *see Gustafson v. Alloyd Co., Inc.*, 513 U.S. 575, 115 S. Ct. 1061, 1069-70, 131 L. Ed. 2d 1 (1995) (noting that statutory language "must be understood against the background of what Congress was attempting to accomplish").

"The statute intends to immunize land owners from suit where the injured party was engaging in activity that bears some risk of danger." *Sullivan v. City of Fort Worth*,

No. 02-10-00223-CV, 2011 Tex. App. LEXIS 3866, at *18 (Tex. App.—Fort Worth May 19, 2011, pet. denied) (mem. op.) (citing House Study Group, Bill Analysis, Tex. H.B. 749, 67th Leg., R.S. (1981) (stating that "[t]he original purpose of [the Recreational Use Statute] was to keep private land open for hunting, fishing, and camping" and that many other activities added to the statute "require wide open spaces or lakes and streams")). The Fort Worth Court of Appeals noted that merely because an action occurs outdoors does not automatically render the action recreation as contemplated by the Recreational Use Statute. *Id.* at **18-19. More specifically, the *Sullivan* court concluded that "there has to be something more—an activeness, a physical exertion, or immersion in the physical elements of nature—that is essential to finding an activity 'associated with enjoying nature or the outdoors' as the statute intends." *Id.* at *19.

We do not believe that flying an aircraft focuses on an "appreciation of the natural world" in the same way as hunting, fishing, swimming, boating, and camping. *See Lawson v. City of Diboll*, 472 S.W.3d 667, 669 (Tex. 2015) (per curiam); *see also Williams*, 459 S.W.3d at 54-55 (concluding that, to fall within the catch-all provision of section 75.001(3)(L), enjoyment of the outdoors or nature must be integral to enjoyment of the activity). Furthermore, applying the doctrines of *ejusdem generis* and *noscitur a sociis*, we cannot say that flying an aircraft is in the same kind or class as the other activities listed in section 75.001(3) as to be included in the catch-all provision of section 75.001(3)(L). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3)(L). We therefore hold that Hernandez was

not engaging in recreation at the time of the accident.  Accordingly, the Recreational Use Statute does not apply.  We overrule the City's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Affirmed
(Chief Justice Gray dissenting with a note)*
Opinion delivered and filed December 7, 2022
[CV06]

*(Chief Justice Gray dissents.  A separate opinion will not issue.  Chief Justice Gray notes, however, that the allegations of the appellee are no more than statements of a laundry list of the legal theories upon which a premises owner might be found to be liable.  They are not fact based allegations that this premises owner knew anything about the conclusorily pled theory.  Parties are well advised to do due diligence prior to filing suit or dispositive motions to guard against or forestall this type attack based on the pleadings, particularly when suing a governmental entity.  It should come as no surprise that the governmental unit is going to raise sovereign/governmental immunity.  The governmental unit did not have to be included in the initial pleading, and some pre-suit investigation, or discovery after suing the other parties, could have been conducted to determine if any of the conclusorily alleged theories of liability had any factual basis that could have been pled to support them.  Moreover, as provided by rule 91a, the appellee had the opportunity to amend but did not.  The trial court had it right with its first ruling, granting the Rule 91a motion to dismiss.  I would reverse and render judgment granting the City's 91a motion to dismiss.  The legislature wanted a quick exit ramp for frivolous suits.  The Supreme Court of Texas adopted the rule in response to the legislative mandate.  The City has used the rule appropriately.  The rule works some narrowing of the historical notice pleadings allowed in Texas.  It takes more than "The

pilot clipped some trees in the area of the airport while attempting a nighttime landing" to establish that the City has knowledge of a premises defect. Accordingly, I respectfully dissent.)

