

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00424-CV

---

**LUBBOCK COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1, APPELLANT**

V.

**JONATHAN RODRIGUEZ AND ABRISIAN RODRIGUEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF E.R., R.R., AND A.R., MINORS, APPELLEES**

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2021-544,990, Honorable John C. Grace, Presiding

---

June 11, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Lubbock County Water Control and Improvement District No. 1 ("WCID"), brings this interlocutory appeal from an order denying its plea to the jurisdiction.[1] WCID asserts it is immune from the suit brought by Appellees, Jonathan

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

Rodriguez and Abrisian Rodriguez, individually and as next friends of E.R., R.R., and A.R., their minor children.  We affirm.

## BACKGROUND

On July 5, 2019, Jonathan Rodriguez ("Rodriguez") and his family traveled to Buffalo Springs Lake to spend the day with friends.  Buffalo Springs Lake is owned by WCID, which had contracted with Extreme Pyrotechnics to produce a fireworks display for the Fourth of July holiday.  Rodriguez and his family swam, ate, and then "just waited until it got dark out" to watch the fireworks show.  As darkness fell and the fireworks started, Rodriguez quickly realized that his group was "right in front of" the discharge site from which the fireworks were launched.  Soon after the show began, a fire started in the discharge area, followed by an explosion.  Rodriguez and his wife saw sparks and fireworks flying at them and debris falling.  Something struck Rodriguez on the back of his head, causing a serious wound.  Firefighters responded to fires at the scene and emergency responders assisted Rodriguez, who was transported to a hospital.

Appellees sued WCID and several other defendants, contending that the Texas Tort Claims Act ("TTCA") waived WCID's immunity.  WCID filed a plea to the jurisdiction invoking the Recreational Use Statute,[2] which "raises the liability standard required to trigger the [TTCA's] immunity waiver in premises-defect cases involving lands opened to the public for 'recreation.'"  *Lawson v. City of Diboll*, 472 S.W.3d 667, 668 (Tex. 2015) (per curiam).  WCID claimed that it remained immune from suit because Rodriguez was injured while engaging in recreational activity and Appellees had not produced sufficient

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(f).

2

evidence that WCID engaged in grossly negligent conduct. Following a hearing, the trial court denied WCID's plea to the jurisdiction.

## APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea that challenges whether a trial court has the authority to decide the subject matter of a specific cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo because the existence of jurisdiction is a question of law. *Id.* In deciding a plea to the jurisdiction, a court should construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true all evidence favorable to the nonmovant. *Id.* at 226, 228. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence submitted by the parties, and it must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

The Recreational Use Statute limits the liability of both public and private landowners who permit others to use their property for activities the statute defines as "recreation." *Univ. of Tex. at Arlington v. Williams*, 459 S.W.3d 48, 49 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.001–.02. "The statute exists to encourage landowners to allow the public to enjoy outdoor recreation on their property by limiting their liability for personal injury." *Miranda*, 133 S.W.3d at 237 (Jefferson, J. dissenting) (citing *City of Bellmead v. Torres*, 89 S.W.3d 611, 617 (Tex. 2002) (Hankinson, J. dissenting)). As to landowners that are governmental entities, like WCID, the effect of the statute is to limit the scope of the TTCA's waiver of immunity "by classifying recreational

3

users as trespassers and requiring proof of gross negligence, malicious intent, or bad faith." *Suarez v. City of Texas City*, 465 S.W.3d 623, 627 (Tex. 2015); *see also State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (statute "creates a legal fiction, classifying the invited recreational user of the property as a trespasser"); TEX. CIV. PRAC. & REM. CODE ANN. § 75.003(g).

## ANALYSIS

The issues before us are (1) whether the Recreational Use Statute applies to Rodriguez's activity and if so, (2) whether Appellees presented sufficient evidence that WCID engaged in grossly negligent conduct.

The Recreational Use Statute provides a non-exclusive list of activities that are considered "recreation," including fishing, swimming, boating, camping, picnicking, hiking, and "any other activity associated with enjoying nature or the outdoors . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3). WCID contends that Appellees' activity on the day of the incident, such as several hours of swimming, reflects that they were engaged in "recreation," namely "activity associated with enjoying nature or the outdoors . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3)(L). In *City of Bellmead v. Torres*, the Supreme Court of Texas explained that, because the Recreational Use Statute is a premises defect statute, whether a particular action qualifies as "recreation" turns on the precise activity the plaintiff was engaged in when the injury occurred. 89 S.W.3d at 614. Texas courts have also recognized that a person may be engaged in "recreation" when engaged in acts that are incidental to their active participation in a recreational activity. *See, e.g., City of Dalhart v. Lathem*, 476 S.W.3d 103, 108 (Tex. App.—Amarillo 2015, pet. denied)

4

(applying statute when child injured while seated at table inside pool facility during break mandated by lifeguards); *Karl v. Brazos River Auth.*, 494 S.W.3d 168, 172–74 (Tex. App.—Eastland 2015, pet. denied) (applying statute when plaintiff injured while walking on premises en route to go swimming). While Rodriguez's pursuits earlier in the day, such as swimming and picnicking at the lake, clearly qualify as "recreation," our focus must be on his activity at the time he was injured, namely watching a fireworks display, when determining whether he was engaged in "recreation" under the statute.

WCID argues that Appellees viewed the fireworks display outdoors, "the fireworks and the outdoors are integral," and consequently, Appellees were engaged in an "activity associated with enjoying nature or the outdoors." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3)(L). However, the Recreational Use Statute is not applicable to all outdoor activities "simply because they take place out of doors." *City of Baytown v. Fernandes*, 674 S.W.3d 718, 726 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

In a plurality opinion in *University of Texas at Arlington v. Williams*, the Texas Supreme Court focused on the definition of "recreation" in determining whether an activity falls within the scope of the Recreational Use Statute. 459 S.W.3d at 55. In *Williams*, the Court considered the claims of a mother who was injured at UTA's Maverick Stadium after she had watched her daughter's soccer game and while she was attempting to acquire a release form for her daughter. The court concluded that "recreation" did not include competitive sports or spectating at such events, reasoning that the activity of being a spectator was too dissimilar to the other activities listed as "recreation" in the statute. *Id.; Lawson*, 472 S.W.3d at 669 (same).

5

The active sports and hobbies listed in the statute are, generally speaking, physical, hands-on activities usually enjoyed outdoors. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3). While we recognize that the list in section 75.001(3) is neither exclusive nor exhaustive, the participatory pursuits enumerated in the statute are not similar to the passive observation of a manmade exhibition, even in a natural setting. As Appellees assert, "While fireworks shows take place outdoors, the purpose of attending such an event is not to enjoy nature or the outdoors, but rather to watch man-made explosions in the sky." Once Appellees settled in to watch the fireworks display, their purpose was not to interact with their natural surroundings but rather to be entertained by a human production. Therefore, we conclude that being outdoors and watching a fireworks display, as Rodriguez did here, is not "recreation" as contemplated by the Recreational Use Statute. Thus, the Recreational Use Statute does not apply to Appellees' claims.

In light of our disposition of WCID's first issue, we need not address its second, in which it contends that Appellees failed to establish gross negligence. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Having determined that the Recreational Use Statute does not apply to Appellees' claims, we find no error in the trial court's denial of WCID's plea to the jurisdiction. The order is affirmed.

Judy C. Parker
Justice

Yarbrough, J., dissenting.

6